# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

LORETTA JACKSON,              )
                             )
          Plaintiff,          )
                             )
     v.                       )     C.A. No. N16C-11-005 CEB
                             )
DELAWARE OFFICE OF            )
ANIMAL WELFARE and JOSEPH     )
BARLA,                        )
                             )
          Defendants.         )

Submitted: June 5, 2017
Decided:  September 14, 2017

*Defendants' Motion to Dismiss.*
**GRANTED**.

This 14th day of September, 2017, upon consideration of the Motion to Dismiss filed by Loretta Jackson ("Plaintiff"), it appears to the Court that:

1.     According to the *pro se* Amended Complaint, on or about June 22, 2016, Defendant Joseph Barla, an employee of the Delaware Office of Animal Welfare, arrived at Plaintiff's home to perform a home inspection.[1] Plaintiff claims that it was during this home inspection that Defendant Barla tied a rope around the neck of Plaintiff's pet Rottweiler and then tied that rope to a storm drain.

---

[1] While Plaintiff complains that the "home inspection" was warrantless and unwarranted, Defendant says it was a health and safety inspection because the property was being condemned. The exact reason for the visit is not essential to our ruling, but helps with context.

2.      Exactly what happened after that is not detailed.  It is said only that "[d]uring this time the treasured pet of the Plaintiff suffered irreparable injuries from Defendant Barla, causing Plaintiff's pet to become deceased due to the negligent behavior of Defendant Barla."[2]

3.      While one might read the Amended Complaint to mean that Barla's actions caused the animal's demise, elsewhere in the Amended Complaint, we are told that the animal was examined at the ASPCA and had broken toe nails and was bleeding from the mouth.  This all suggests that the pet survived, at least as far as the ASPCA.  In response to the Defendants' Motion to Dismiss, Plaintiff claims that Officer Barla committed "murder" of the dog and elsewhere that he "strangled" it, but again, details are lacking.

4.      Plaintiff claims that Defendant "failed to exercise the reasonable care that a reasonable person would have in his handling of the animal," and that this negligent behavior caused the dog's death.  In other words, classic allegations of ordinary negligence.  And importantly for our purposes, Plaintiff alleges that all of Officer Barla's actions were taken pursuant to his duties as an animal control officer for the Delaware Office of Animal Welfare.

5.      Plaintiff also claims that her 81-year-old mother suffered a heart attack and died from the stress of losing the dog.  Plaintiff finally claims that as a result of

_____

[2] Am. Compl. ¶ 10.

losing her dog, she herself now suffers from insomnia, depression, and has lost trust and respect for animal control officers. For all of these injuries, Plaintiff seeks compensation from Officer Barla and the Delaware Office of Animal Welfare.

6. The State has moved to dismiss the Amended Complaint, arguing that Officer Barla and the Delaware Office of Animal Welfare are both immune from suit.

7. In reviewing a motion to dismiss pursuant to Rule 12(b)(6), the Court must determine whether the claimant "may recover under any reasonably conceivable set of circumstances susceptible of proof." When applying this standard, the Court will accept as true all non-conclusory, well-pled allegations. In addition, any reasonable factual inferences are made in favor of the non-moving party.[3]

8. In the absence of the State's consent, the doctrine of sovereign immunity bars suit against the State.[4] This doctrine applies not only to the State itself, but also to its agencies and public officials sued in their official capacity.[5] In

---

[3] *Smith v. Silver Lake Elementary Sch.*, 2012 WL 2393722, at *1 (Del. Super. June 25, 2012).

[4] State Tort Claims Act, 10 *Del. C.* § 4001; *Kornegay v. State Dep't of Corr.*, 2013 WL 6040455, at *2 (Del. Super. Oct. 10, 2013) (citing *Doe v. Cates*, 499 A.2d 1175, 1176–77 (Del. 1985)).

[5] 10 *Del. C.* § 4001.

3

the absence of insurance coverage or a legislative act, the doctrine acts as an absolute bar to suit.

9. The Delaware Office of Animal Welfare is a subdivision of the Department of Health and Social Services and is an agency of the state. It operates within a detailed statutory milieu.[6] Animal Control Officers likewise are state employees, trained pursuant to statute.[7] They are immune from suit unless some exception waives the immunity.

10. The route away from the bar of sovereign immunity in cases involving government actors who act within the scope of their authority is quite limited. For these purposes, the only limitation on sovereign immunity that could conceivably be met here is that "[t]he act or omission complained of was done without gross or wanton negligence."[8]

11. Superior Court Rule 9(b) requires that a plaintiff "state the circumstances involving all allegations of fraud, *negligence,* mistake or condition of mind with particularity."[9] The particularity requirement is not satisfied with general statements or conclusions. Gross negligence "requires a showing of negligence that

---

[6] 16 *Del. C.* ch. 30F.

[7] 16 *Del. C.* § 122(3)(bb).

[8] 10 *Del. C.* § 4001(3).

[9] Super. Ct. Civ. R. 9(b) (emphasis added).

4

is a 'higher level' of negligence representing extreme departure from the ordinary standard of care.'[10] "A recitation of conclusory allegations is not sufficient to meet the particularity requirement when the plaintiff has not provided any facts supporting a claim of extreme departure from the standard of care."[11]

12.    Plaintiff has not pled gross negligence with the any particularity. The Court well appreciates that the loss of a family pet, under any circumstances, can be traumatic. And if the loss came through some agency of the state, it is even more unfortunate. But the legislature severely limits cases in which citizens can look to the taxpayer's money to compensate the citizen for losses caused by state actors. Plaintiff has not alleged, and in light of the particularity requirement, we cannot presume, any facts that would support such a departure from the general rule here.

13.    As leave to amend this complaint has already been granted once, the Court will not *sua sponte* grant further leave to amend the complaint and will therefore grant Defendants' Motion to Dismiss.

**IT IS SO ORDERED.**

Judge Charles E. Butler

---

[10] *See Hughes ex rel. Hughes v. Christina Sch. Dist.*, 2008 WL 73710, at *4 (Del. Super. Jan. 7, 2008) (citing *Browne v. Robb,* 583 A.2d 949, 953 (Del.1990)).

[11] *Id.*

5